**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LLOYD JOSEPH COLLINS; REPOSSESSION EMPIRE, INC., DBA Legion, | No. 19-55210 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-07922-VAP-SK |
| v. | |
| COMPTON UNIFIED SCHOOL DISTRICT, a governmental entity; MURIELLO, Officer; MCFADDEN, Lt.; DOES, 1-10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted June 3, 2020[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and LEE, Circuit Judges, and AMON,*** District Judge.

Plaintiffs Lloyd Collins and Repossession Empire, Inc. (collectively, "Plaintiffs") appeal the district court's orders, which dismissed their complaint on the ground that defendants Compton Unified School District and individual school police officers were immune from suit. We review dismissal on the basis of immunity de novo, and affirm. *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1131 (9th Cir. 2018); *Del Campo v. Kennedy*, 517 F.3d 1070, 1075 (9th Cir. 2008).

Collins, a certified repossessor and employee for Repossession Empire, Inc., entered school grounds within the Compton Unified School District to repossess a vehicle. Officers Muriello and McFadden, school district police officers, thwarted the repossession and did not permit Collins to leave until he returned the vehicle to its original place. Plaintiffs sued the school district and individual officers, claiming that the officers had violated Collins' Fourth Amendment rights by detaining and arresting him.

*1.* The district court did not err in dismissing the claims against Compton Unified School District on the ground that it was immune from suit under the Eleventh Amendment. A California school district is an arm or agent of the state

---

*** The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

entitled to sovereign immunity. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251–54 (9th Cir. 1992); *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1123 (9th Cir. 2007). Plaintiffs fail to distinguish this case from that longstanding precedent.

*2.* The district court did not err in dismissing the claims against the individual school officers based on qualified immunity. Collins violated California law by coming onto school grounds during school hours without registering with the school. *See* Cal. Penal Code § 627.2**.** School police officers may "detain an outsider for the limited purpose of determining the fundamental factors justifying an outsider's presence on a school campus, such as who he is, why he is on campus, and whether he has registered." *In re Joseph F.*, 102 Cal. Rptr. 2d 641, 649 (Ct. App. 2000), *as modified* Jan. 12, 2001, *rev. denied* Apr. 11, 2001. Section 627.2 does not make exceptions for outsiders conducting otherwise lawful activities. *See id.* at 647–48. Since Collins was on school grounds in violation of § 627.2, the defendant officers acted reasonably in detaining him and requiring him to leave without taking the repossessed vehicle. *See Reichle v. Howards*, 566 U.S. 658, 664 (2012); *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994) ("[A]n officer who acts in reliance on a duly-enacted statute or ordinance is ordinarily entitled to qualified immunity.").

Although Plaintiffs also claim that the officers arrested Collins, they fail to allege facts supporting such a finding. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 991 (9th Cir. 2002).

*3.* Plaintiffs argue that the district court erred by denying them leave to amend. "A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). Because defendants are immune from suit as a matter of law, the district court did not abuse its discretion in denying leave to amend. *See id.*

**AFFIRMED.**